# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# SPARTANBURG DIVISION

| | |
|---|---|
| United States of America, | Criminal Action No.: 7:16-cr-00106-JMC-2 |
| v. | **ORDER AND OPINION** |
| Charley Annette Farris, | |
| Defendant. | |

This matter is before the court on Defendant Charley Farris's *pro se*[1] Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 402) and the Government's Motion for Summary Judgment (ECF No. 466) filed in response.[2] For the reasons set forth below, the court **DENIES** Defendant's § 2255 Motion (ECF No. 402) and **GRANTS** the Government's Motion for Summary Judgment (ECF No. 466).

## I.     RELEVANT BACKGROUND

On September 28, 2016, the court sentenced Defendant to a one-hundred and eighty (180) month term of imprisonment after she pled guilty to conspiracy with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846; use of a phone to facilitate a drug transaction, in violation of 21 U.S.C. § 843(b) and 18 U.S.C. § 2; felon in

---

[1] The court is required to interpret *pro se* documents liberally and such documents are held to a less stringent standard than those drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the "special judicial solitude" with which a district court should view *pro se* motions "does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

[2] Defendant also requests the court provide her an attorney. (ECF No. 402-1 at 3.) The court denies this request. While "[t]he court may request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1), "there is no absolute right to appointment of counsel." *Hall v. Holsmith*, 340 F. App'x 944, 946 (4th Cir. 2009). The court has discretion over whether to appoint counsel and should only do so when a litigant "presents exceptional circumstances." *Id.*

1

possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and (e); possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A); and possession of a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). (ECF No. 157 at 2, 4, 5–6.) On October 10, 2016, Defendant appealed the court's judgment. (ECF No. 179 at 1.) Defendant's court appointed counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), certifying that there were no meritorious grounds for appeal, but questioning whether her sentence was reasonable. (ECF No. 284 at 2.) The United States Court of Appeals for the Fourth Circuit ultimately affirmed the sentence as procedurally sound. (*Id.* at 4.)

On November 12, 2019, Defendant filed this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 402), arguing that her sentence should be reduced by sixty (60) months or more because: (1) her 18 U.S.C. § 924(c) conviction is void for vagueness under *United States v. Davis*, 139 S. Ct. 2319 (2019), and (2) her 18 U.S.C. § 922(g)(1) charge is unconstitutional following the ruling in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). (ECF No. 402 at 4–5, 12.) The Government filed its Motion for Summary Judgment in response to Defendant's Motion on June 28, 2021 (ECF No. 466), arguing Defendant was not convicted under the provision of 18 U.S.C. § 924(c) that was invalidated by *Davis*, so *Davis* does not provide a basis for relief, and that Defendant "cannot make either the actual-innocence or the cause-and-prejudice showing necessary to reach the merits of her procedurally defaulted claim." (ECF No. 466 at 1.) Defendant replied to the Government's Motion arguing the Government failed to address the rulings of the cases cited in Defendant's Motion (ECF No. 471 at 2) and adding a claim that her counsel provided ineffective assistance during pleading and sentencing.[3] (*Id.* at 2–11.)

---

[3] The court is not required to consider arguments raised for the first time in Defendant's Response to the Government's Motion for Summary Judgment (ECF No. 471), filed more than one (1) year after her conviction and sentence were finalized, due to the explicit one-year limitation set forth in

2

## II.     JURISDICTION

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255, which states that a federal district court has jurisdiction to entertain a § 2255 petition when the petitioner is in custody under the sentence of a federal court.

## III.     LEGAL STANDARD

A.     28 U.S.C. § 2255

Under 28 U.S.C. § 2255, a prisoner in federal custody may petition the court to vacate, set aside, or correct a sentence on the grounds that (1) the imposed sentence "violates the Constitution or the laws of the United States"; (2) the sentencing court lacked jurisdiction; (3) the sentence exceeded "the maximum authorized by law"; or (4) the sentence is "otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  A prisoner attacking a sentence under § 2255 bears the burden of proving the grounds for attack by a preponderance of the evidence.  *See Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).  "The language of § 2255 makes clear that not every alleged sentencing error can be corrected on collateral review."  *United States v. Foote*, 784 F.3d 931, 932 (4th Cir. 2015).  The United States Supreme Court has held that if the alleged sentencing error is neither constitutional nor jurisdictional, a petitioner must show that the sentence contains "a fundamental defect which inherently results in a complete miscarriage of justice."  *Davis v. United States*, 417 U.S. 333, 346 (1974).  When the record conclusively shows that the petitioner is not entitled to relief, the court may dismiss the motion outright.  28 U.S.C. § 2255(b).

---

28 U.S.C. § 2255.  However, as discussed below, the court considers these claims to determine whether they could provide cause for Defendant's procedural default and finds them unhelpful to Defendant's request for relief.

3

B.    Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue of material fact for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). When considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under governable law will properly preclude the entry of summary judgment." *Id.* at 248. Further, to show that a genuine issue of material fact exists, the non-moving party must set forth facts beyond "[t]he mere existence of a scintilla of evidence." *Id.* at 252. The non-moving party must present evidence sufficient to demonstrate that a reasonable jury could return a verdict for the non-moving party to avoid summary judgment. *See id.* at 248.

## IV.    ANALYSIS

A.    18 U.S.C. § 924(c) Challenge

Defendant first argues that her sentence should be reduced based on the United States Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), which held that the residual clause of 18 U.S.C. § 924(c)(3) is unconstitutionally vague. Section 924(c) establishes specific sentence enhancements for individuals who use or possess firearms while committing "crime[s] of violence or drug trafficking crime[s]." 18 U.S.C. § 924(c). The statute defines a "crime of violence" as "any offense that is a felony" and:

4

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3)(A)–(B).  "Courts commonly refer to § 924(c)(3)(A) as the 'force clause' and to § 924(c)(3)(B) . . . as the 'residual clause.'" *United States v. Simms*, 914 F.3d 229, 233 (4th Cir. 2019).  In *Davis*, the Supreme Court found the residual clause in § 924(c)(3)(B) defining a crime of violence is unconstitutionally vague and therefore void.  *Davis*, 139 S. Ct. at 2336.  Here, Defendant pled guilty to possession of a firearm as a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and (e), and possession of a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A).  Because the *Davis* holding addresses § 924(c)(3)(B), it does not apply to Defendant's convictions under 18 U.S.C. §§ 922(g)(1), 924(a)(2), (e), and 924(c)(1)(A).  Thus, Defendant's argument based on the *Davis* holding is unavailing.

B.     18 U.S.C. § 922(g)(1) Challenge

Defendant also argues that her 18 U.S.C. § 922(g)(1) conviction is unconstitutional following the ruling in *Rehaif v. United States*, 139 S. Ct. 2191 (2019) (holding that to convict a defendant under 18 U.S.C. §§ 922(g) and 924(a)(2), the government must prove the defendant knew he possessed a firearm and knew he belonged to a category of persons barred from possessing firearms).  (ECF No. 402 at 5.)  In response, the Government contends Defendant procedurally defaulted her *Rehaif* claim by failing to raise it on direct review, and she cannot demonstrate cause and prejudice or actual innocence to excuse her procedural default.  (ECF No. 466 at 5–6.)

The court agrees with the Government.  "[T]he voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review." *Bousley v. United States*, 523 U.S. 614, 621 (1998) (citations omitted).  Here, Defendant questioned the reasonableness of her sentence on appeal, but did not challenge the validity of her plea.  As such,

5

she procedurally defaulted her *Rehaif* claim. A defendant's procedural default may be excused on collateral review, thus allowing the court to consider the merits of the claim, if the defendant can show either cause for the default and resulting prejudice or that she is actually innocent.[4] *Bousley*, 523 U.S. at 622–23; *United States v. Fugit*, 703 F.3d 248, 253 (4th Cir. 2012). Although the court doubts Defendant has demonstrated cause for her default, it need not make this determination because she clearly suffered no actual prejudice. *See United States v. Frady*, 456 U.S. 152, 167 (1982).

To demonstrate prejudice, Defendant must show "a reasonable probability that, but for [the alleged] errors, [s]he would have not pleaded guilty and would have insisted on going to trial." *United States v. Hilliard*, No. 3:17CR44-HEH, 2021 WL 2369400, at *7 (E.D. Va. June 9, 2021), *appeal dismissed*, No. 21-7035, 2021 WL 6116852 (4th Cir. Dec. 27, 2021) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *United States v. Dominguez Benitez*, 542 U.S. 74, 76 (2004)). Notably, Defendant does not argue that, but for the *Rehaif* error, she would have pled not guilty and insisted on proceeding to trial. Neither has Defendant claimed she was unaware of her previous felony convictions.

Moreover, Defendant's knowledge of her status can be inferred from the circumstantial evidence in this case. *See Rehaif*, 139 S. Ct. at 2198 ("knowledge can be inferred from circumstantial evidence") (quoting *Staples v. United States*, 511 U.S. 600, 615 n.11 (1994)). Even though Defendant was sentenced prior to *Rehaif* and the court therefore did not explicitly question Defendant on her knowledge of felon status, she has not presented any factual evidence demonstrating she did not know she was prohibited from possessing a firearm at the time of the

---

[4] To the extent Defendant argues ineffective assistance of counsel as cause for the default, the argument is unpersuasive as set forth below.

offense. Any such argument would be difficult to sustain at any rate, in light of Defendant's substantial criminal history, which was discussed at her sentencing and to which Defendant did not object. (ECF No. 199 at 17.) As such, Defendant's *Rehaif* claim fails to provide a basis to grant the requested relief.

C.     Ineffective Assistance of Counsel

Defendant also argues that the attorney who represented her during her guilty plea and sentencing proceedings ("Counsel") was ineffective by declining to move to suppress her signed statement to law enforcement, failing to show that Defendant was not in possession of a firearm in furtherance of a drug trafficking offense, and allowing her to be held accountable for an unproven drug amount, non-tested for purity. Typically, "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *United States v. Lemaster*, 403 F.3d 216, 221–22 (4th Cir. 2005). For this reason, a knowing and voluntary guilty plea "forecloses federal collateral review" of prior constitutional deprivations, "except those affecting the adequacy of his plea." *Fields v. Att'y Gen. of Md.*, 956 F.2d 1290, 1294–96 (4th Cir. 1992); *United States v. Moussaoui*, 591 F.3d 263, 280 (4th Cir. 2010). Although finality considerations are heightened in the context of a guilty plea, *United States v. Timmreck*, 441 U.S. 780, 784 (1979), "the bar of finality is not insurmountable, even in the guilty plea context." *Fugit*, 703 F.3d at 253.

Before taking her plea, the court asked Defendant a series of questions to confirm that her plea was made knowingly and voluntarily. (*See* ECF No. 252 at 3, 8–11.) Defendant declared that she had enough time to speak with her attorney prior to entering her guilty plea and they had discussed the case in full, including her charges, the maximum possible punishment, and

7

Defendant's constitutional rights. (*Id.* at 10.) The court confirmed Defendant was aware of her right to a jury trial, the rights she was giving up by pleading guilty, and the Government's burden of proof at trial. (*Id.* at 11–14.) Despite testifying to the contrary under oath, Defendant now contends her counsel provided ineffective assistance during the plea process.

An ineffective assistance of counsel claim is properly raised in a 28 U.S.C. § 2255 action. *United States v. Richardson*, 195 F.3d 192, 198 (4th Cir. 1999); *United States v. Gastiaburo*, 16 F.3d 582, 590 (4th Cir. 1994). To be eligible for habeas relief on an ineffective assistance of counsel claim, the defendant bears the burden of satisfying the two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984). The defendant must show first that Counsel's performance was so deficient that it fell below an objective standard of reasonableness. *Id.* at 687–88. Second, the defendant must demonstrate "that the deficient performance prejudiced the defense." *Sharpe v. Bell*, 593 F.3d 372, 382 (4th Cir. 2010) (quoting *Strickland*, 466 U.S. at 687). Under the first *Strickland* prong, the defendant must identify acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Strickland*, 466 U.S. at 690. Then, in light of all circumstances and keeping in mind that counsel's function "is to make the adversarial testing process work in the particular case," the court must determine whether the "identified acts or omissions were outside the wide range of professionally competent assistance." *Id*. Moreover, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. The court reviews "the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*.

Defendant first claims Counsel was ineffective by failing to move for suppression of her statement to law enforcement when she was arrested on January 23, 2016. (ECF No. 471 at 2–3.)

8

Defendant asserts that, "[f]rom the day of [her] arrest[,] she was questioned and forced to sign a statement without a clear mind nor any counsel." (*Id.* at 2.) Specifically, Defendant claims her use of methamphetamine at the time of her arrest impacted her mental processes such that she was unable to make a knowing and voluntary statement. (*Id.* at 3.) Again, before finding Defendant's guilty plea knowing and voluntary, the court carefully questioned her during its Rule 11 colloquy, asking about Counsel's representation, Defendant's understanding of the facts of the case, and her understanding of her rights and waivers. (*See id.* at 3, 8–11.) Neither Defendant nor Counsel argued that Defendant was incompetent at this proceeding. Instead, Defendant gave direct and cogent answers to the court, demonstrated an understanding of the facts of the case and charges against her, reaffirmed her willingness to plead guilty, and specifically denied being under the influence of any substances other than her prescribed mental health medications.

Defendant's knowing and voluntary guilty plea waived her ability to collaterally attack her conviction and sentence by asserting ineffective assistance of counsel for conduct *before* the entry of the plea. *See Lemaster*, 403 F.3d at 220 (holding that "a criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary"); *Blackledge v. Perry*, 417 U.S. 21, 29–30 (1974) (establishing a knowing and voluntary guilty plea waives all "independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea" and a defendant may collaterally attack only "the voluntary and intelligent nature of the guilty plea, through proof that the advice received from counsel was not within the range of competence demanded of attorneys in criminal cases.").

Further, even if Counsel's performance fell below an objective standard of reasonableness, Defendant has not shown that it is reasonably likely a different outcome would have resulted but for the alleged substandard performance. An error by counsel, even if professionally unreasonable,

9

does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *United States v. Morrison*, 449 U.S. 361, 364–65 (1981). The purpose of the Sixth Amendment guarantee of counsel is to ensure that a defendant has the assistance necessary to justify reliance on the outcome of the proceeding. *Strickland*, 466 U.S. at 691–92. It is therefore not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding because almost every act or omission of counsel would meet that test. *United States v. Valenzuela–Bernal*, 458 U.S. 858, 866–67 (1982). *Strickland's* second prong, therefore, "asks whether it is 'reasonably likely' the result would have been different." *Harrington v. Richter*, 562 U.S. 86, 111 (2011) (quoting *Strickland*, 466 U.S. at 696). "The likelihood of a different result must be substantial, not just conceivable." *Harrington*, 562 U.S. at 112 (citing *Strickland*, 466 U.S. at 693). In the context of a guilty plea, the prejudice inquiry is "whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Savino v. Murray*, 82 F.3d 593, 599 (4th Cir. 1996) (citing *Hill*, 474 U.S. at 59).

Defendant accepted the factual basis of her guilty plea during her plea hearing, which provided that, on January 23, 2016, while under federal investigation, Defendant was stopped by law enforcement who found a firearm on her person and methamphetamine in her vehicle. These facts, in addition to the other evidence brought forth in the investigation, sufficiently support Defendant's conviction and guilty plea without reference to her statement to law enforcement after her January 2016 arrest. (*See* ECF No. 252 at 54–56 (detailing corroborated testimony from two (2) witnesses, as well as text messages and phone calls between Defendant and her co-conspirator regarding obtaining or distributing methamphetamine).) As such, Defendant has not shown that Counsel's performance, if ineffective, would have changed the outcome of the plea process.

10

Next, Defendant contends Counsel was ineffective by failing to show that she was in possession of a firearm to protect her life, not in furtherance of a drug trafficking crime. (ECF No. 471 at 3.) To prove a violation of § 924(c)(1), the Government must demonstrate that: "(1) the defendant used or carried a firearm, and (2) the defendant did so during and in relation to a drug trafficking offense, *United States v. Mitchell*, 104 F.3d 649, 652 (4th Cir. 1997), or that the possession of a firearm furthered, advanced, or helped forward a drug trafficking crime." *United States v. Latham*, 578 F. App'x 312, 315 (4th Cir. 2014) (citing *United States v. Perry*, 560 F.3d 246, 254 (4th Cir. 2009)) (internal quotation marks omitted). In determining whether a firearm is sufficiently connected to a drug trafficking crime, a jury may consider "the type of drug activity that is being conducted, accessibility of the firearm, the type of weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found." *United States v. Lomax*, 293 F.3d 701, 705 (4th Cir. 2002) (citations omitted).

Based on the facts reported by the Government at Defendant's plea hearing, Defendant was pulled over on January 23, 2016 after a witness informed law enforcement that she was traveling with a large amount of amphetamine. (ECF No. 252 at 53.) The officer conducted a search and found a loaded firearm in the holster hooked inside of Defendant's jacket. (*Id.* at 54.) Defendant also informed the officer that there was a duffel bag inside the vehicle containing methamphetamine. (*Id.* at 54–55.) Inside the vehicle, officers found a container with methamphetamine, a baggy of methamphetamine, and a digital scale. (*Id.* at 55.) The Government further stated that a field test "resulted positive for methamphetamine and the weight of the drugs was 568.2-grams of a crystal-like rock substance" and that, "in order for the substance to have the crystal-like texture that the officers observed, the percentage of the weight would be well in

11

advance of what [Defendant] was charged with, 50-grams of actual methamphetamine." (*Id.*) After the Government's presentation, the court asked Defendant if she disagreed with any of the facts, to which she responded "no, ma'am." (*Id.* at 56.) Thus, the uncontested facts presented at Defendant's plea hearing show that she had a loaded firearm on her person in the same vehicle where a significant amount of methamphetamine and scales were found. These circumstances would permit a reasonable juror to find that Defendant's possession of the firearm was in furtherance of a drug trafficking crime. *See Lomax*, 293 F.3d at 705. As such, the court cannot find that Counsel's decision not to argue an alternative reason for possession of the firearm fell below an objective standard of reasonableness and the court does not need to analyze for prejudice on this ground. *See Fugit*, 703 F.3d at 259–60 (rejecting the validity of an alleged defense on the merits and holding "it is [] reasonable for counsel not to advise clients of unmeritorious defenses."); *see also Savino*, 82 F.3d at 599 ("attorneys made reasonable determinations and provided adequate representation. Therefore, we need not analyze for prejudice.").

Finally, Defendant asserts Counsel should have challenged the unproven and un-tested drug amount attributed to Defendant. (ECF No. 471 at 9.) This argument fails to assist Defendant's collateral attack on her guilty plea because it does not challenge its knowing and voluntary nature. *See Fields*, 956 F.2d at 1295 ("Once judgment on a plea is final, collateral inquiry is limited to whether the plea itself was counseled and voluntary"). As discussed above, Defendant accepted the factual basis of her guilty plea during her plea hearing. Counsel mentioned the drug weight in regard to its potential impact on Defendant's sentencing, but stated that Defendant wanted to move forward with her plea. (ECF No. 252 at 31.) The court specifically informed Defendant at her plea hearing that she would have the opportunity to object to "issues on drug weights" listed in the presentence investigation report. (*Id.* at 29.) The Government indicated

at the plea hearing that "[i]n order for the substance to have the crystal-like texture that the officers observed, the percentage of the weight would be well in advance of what [Defendant] was charged with," and there was an "agreement by all parties that it would be well in excess of 50-grams." (*Id.* at 56.)  The fact that Defendant did not file any objections to the drug amounts listed in the presentence investigation report or raise this issue on direct appeal supports the Government's position that Defendant knowingly and voluntarily agreed to this amount.  Accordingly, this argument also fails.

## V.     CONCLUSION

For the foregoing reasons, the court **DENIES** Defendant's § 2255 Motion (ECF No. 402) and **GRANTS** the Government's Motion for Summary Judgment (ECF No. 466).

## CERTIFICATE OF APPEALABILITY

A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c).  A prisoner satisfies this standard by demonstrating that reasonable judges would find this court's assessment of his constitutional claim is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *See, e.g.*, *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

July 28, 2022
Columbia, South Carolina